**Samir Deger-Sen**
Direct Dial: +1.212.906.1200
samir.deger-sen@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

November 20, 2026

Christopher G. Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

Re: *Faculty, Alumni, and Students Opposed to Racial Preferences v. Northwestern University*, No. 26-1349, Response to Citation of Supplemental Authority

Dear Mr. Conway:

Defendant-Appellee Northwestern University respectfully responds to the letter of Plaintiff-Appellant Faculty, Alumni, and Students Opposed to Racial Preferences (FASORP) regarding *American Alliance for Equal Rights v. Illinois*, Nos. 25-2461 & 25-2487 (7th Cir. Nov. 18, 2026).

Although *American Alliance* holds that the plaintiff organization's "decision to use pseudonyms for its members in its complaint d[id] not defeat its organizational standing," slip op. 15, it does not relieve FASORP of its burden to identify at least one member who faces a "certainly impending" injury, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (citation omitted). FASORP's pseudonymous pleading only underscores why it has not carried that burden. *See* Northwestern Br. 22-30, 41-48.

In *American Alliance*, each member organization was subject to the same statutory mandate, and standing followed from the "commonsense inference" that at least one officer or director would respond to the required demographic survey. Slip op. 13-14. Lateral faculty hiring at Northwestern is different: By FASORP's own account, it is a bespoke process yielding only a handful of offers each year, with a focus on "high-demand and low-supply field[s]." App. 98-100 (¶¶ 47-48). Whether

LATHAM&WATKINS LLP

any professor faces an imminent injury thus turns on plaintiff-specific facts, including the applicant's field and whether Northwestern has or will imminently have an opening in it. *See Adarand Constructors, Inc. v. Peña*, 515 U.S. 200, 211-212 (1995). Those are precisely the facts FASORP's anonymous complaint conceals.

Pseudonymity also compounds a deeper problem. Through three anonymous professors, FASORP seeks institution-wide relief, including an injunction requiring a "new faculty-selection policy." App. 142-144 (¶ 161). But FASORP cannot bring what is effectively a class action without satisfying Rule 23's safeguards, *see Trump v. CASA, Inc.*, 606 U.S. 831, 849-850 (2025), nor can it obtain the kind of systemic relief available to the federal government (or a certified class) through Title VII pattern-or-practice suits, *see* 42 U.S.C. § 2000e-6(a); *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 876 n.9 (1984). Accepting FASORP's approach would allow any organization to circumvent Rule 23's procedural protections by keeping its members anonymous.

Respectfully submitted,

*/s/ Samir Deger-Sen*
Samir Deger-Sen
of LATHAM & WATKINS LLP

*Counsel for Defendant-Appellee Northwestern University*

cc: All Counsel of Record (via ECF)

LATHAM & WATKINS LLP

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with Fed. R. App. P. 28(j) because the body of this letter contains 346 words.

*/s/ Samir Deger-Sen*
Samir Deger-Sen